**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | )
|---|---|
| **WESLEY SCOTT ASHTON,** | )
| | )
| **Plaintiff,** | )
| | )
| v. | ) Case No. 16-cv-02305 (APM)
| | )
| **UNITED STATES COPYRIGHT** | )
| **OFFICE, et al.,** | )
| | )
| **Defendants.** | )
| | )

## MEMORANDUM OPINION

In her now iconic song "Sorry," Beyoncé Knowles references the universally understood "middle finger"[1] to express her hostility and feelings of betrayal over what listeners widely believe to be her husband's infidelity.[2] Plaintiff Wesley Scott Ashton makes use of the middle finger for a different reason: He has placed a "pictogram" of an extended middle finger on a coffee mug, along with the phrase "People Pleaser in Recovery," to communicate a satirical message about overcoming obsequious behavior—quite literally an act of "mean mugging."[3] Plaintiff seeks to copyright the combination of words and image, claiming it is a "highly creative poetic literary

---

[1]  "Middle fingers up, put them hands high,
Wave it his face, tell him, boy, bye,
Tell him, boy, bye, middle fingers up,
I ain't thinking 'bout you."

Beyoncé, *Sorry*, *on* Lemonade (Parkwood Entertainment LLC & Columbia Records 2016)

[2] *See, e.g.*, Mikael Wood, *Fierce Beyoncé Puts Jay Z on Final Notice, Then Turns Bitterness into 'Lemonade,'* L.A. Times, (Apr. 26, 2016), http://www.latimes.com/entertainment/music/posts/la-et-ms-beyonce-lemonade-review-20160424-story.html.

[3] *Mean mugging*, Urban Dictionary, https://www.urbandictionary.com/define.php?term= mean%20mugging.

work." Defendant United States Copyright Office[4] viewed Plaintiff's work differently. The agency determined that the combination of the words "People Pleaser in Recovery" and "Refill," with an image of a raised middle finger, is not sufficiently creative to constitute a copyrightable literary work.

Plaintiff filed this suit pro se to challenge Defendant's denial of his copyright application. He contends that Defendant failed to consider certain evidence he presented in his application and, furthermore, that Defendant's decision that his work is not sufficiently creative to warrant copyright protection is wrong as a matter of law. Both parties have moved for summary judgment. Finding no violation in Defendant's decision-making process or the substance of its decision, the court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Cross-Motion for Summary Judgment.

## II. BACKGROUND

### A. Administrative Proceedings

In March 2012, Plaintiff Wesley Scott Ashton submitted an application to the United States Copyright Office ("Defendant") to register a work he titled "People Pleaser" ("the Work" or "mug"). Admin. R., ECF No. 19 [hereinafter AR], at 2. Plaintiff's Work is a hand-painted coffee mug that contains text and images. *See* AR at 3, 12–13. The exterior cylindrical surface of the mug reads "People Pleaser in Recovery" and is adorned with three butterflies, a yellow flower, and a lizard. *See* AR at 3–4, 7, 35. The bottom exterior of the mug contains an image of the back of a fist with a middle finger extended. *See* AR at 13. Below it is the hand-written text:

---

[4] Plaintiff also named as a defendant the Acting Director of the Copyright Office, Karyn Temple Claggett. Compl. ¶ 1. In this opinion, the court refers to the two named Defendants, collectively, as "Defendant."

"2008 (c) WSA." The word "Refill" is written on the bottom interior of the mug. *See* AR at 12. Images of the Work appear below.





On his application, Plaintiff indicated that he wanted two different copyrights: one for "2-Dimensional artwork" and another for "Text." *See* AR at 1. Defendant rejected Plaintiff's application on July 3, 2013, reasoning that the Work "lacks the authorship necessary to support a copyright claim." AR at 43–44. The decision stated that the text of Plaintiff's Work "will not support a claim to copyright under the [legal] standards" because it lacked the minimum amount

3

of text needed for protection. AR at 43. Defendant noted that Plaintiff's "artwork on the cup is copyrightable," but because Plaintiff had "refused to have the claim in text" removed, Defendant was denying Plaintiff's application in full. AR at 43.

Plaintiff sought reconsideration of the denial, but this, too, was unsuccessful. In a letter dated September 20, 2013, Plaintiff asked Defendant to revisit its decision, contending that it was "flawed on its face" because it did not provide a rational explanation for its rejection of his application. AR at 47. Plaintiff seemingly sought both a copyright for the Work's text and a copyright for the artwork. *See* AR at 49 (arguing that his Work is "copyrightable as a combined composition of art and text."). In addition, Plaintiff argued that the "text" on the mug constituted a "literary work," as that term is defined in the Copyright Act. AR at 51; *see also* 17 U.S.C. § 101 (defining "literary work"). He identified the "text" of his Work as "three phrases": two "script phases"—"People Pleaser in Recovery" and "Refill"—and a "pictogram of the raised middle finger." AR at 51–52. Plaintiff argued that "the three phrases together include the requisite minimum degree of creativity to merit copyright protection because even shorter, less expressive one line sentences" have received such protection. For support, he cited to *Universal City Studios, Inc. v. Kamar Industries, Inc.*, No. H-82-2377, 1982 WL 1278 (S.D. Tex. Sept. 20, 1982). AR at 52. And to buttress his position that a "raised middle finger" is copyrightable text, he cited and submitted a copy of a 82-page law review article, Ira P. Robbins, *Digitus Impudicus: The Middle Finger and the Law*, 41 U.C. Davis L. Rev. 1403 (2008), for the proposition that the gesture has "particularly vulgar connotations." AR at 52.

These arguments did not persuade Defendant, who denied Plaintiff's request for reconsideration in a letter dated January 9, 2014, which expanded on its initial decision. AR at 149–50. This second decision stated that Defendant had "carefully reviewed this work in light of the

points raised in your letter" and acknowledged some specific points Plaintiff had raised in his reconsideration request, *e.g.* AR at 149 ("[Y]ou note that . . ."), but concluded that "the simple combination and arrangement of the short phrase and word simply does not contain any authorship that would support a copyright registration in text" under the law. AR at 150. In reaching this decision, Defendant excluded from the "text" it considered for copyrightability the middle finger drawing; Defendant said that it considered that image to be "2D artwork, not text." AR at 150. At the end of the decision, Defendant invited Plaintiff to proceed with registering the artwork on his mug. AR at 150.

Plaintiff again sought reconsideration in a letter dated April 4, 2014. In this final request to the agency, Plaintiff asserted that the middle finger is "text," because it is a word, indicia, or symbol and, therefore, meets the definition of a "literary work" in the Copyright Act, 17 U.S.C. § 101, and possesses "a sufficient amount of originality . . . to merit copyright protection as text." AR at 155–56. Again, he directed Defendant to the law review article *Digitus Impudicus*. AR at 155. Building on his argument that the middle finger drawing constituted "literary work," Plaintiff asserted that his Work's "text" contained "three phrases working together . . . to express an idea in a poetic manner that possesses a sufficient amount of creativity to merit copyright protection as a text." AR at 157. Defendant explained that the "text" of his mug, "when property construed," constitutes a three-line poem:

> The two script phrases are "People Pleaser in Recovery" located on the side wall of the work and "Refill" located inside the cup on its upper floor surface. The middle finger pictogram is arranged on the

5

> bottom of the cup so that it is flashed whenever the cup is tilted to drink from, for example. And, more specifically, the middle finger pictogram is juxtaposed with the "People Pleaser in Recovery" phrase so that the pictogram may be flashed while the audience is reading the "People Pleaser in Recovery" phrase. The word "Refill" located inside the mug is there to remind the reader that one must "refill" one's cup to recover from people pleasing.

AR at 157. These phrases, words, and images, when combined with their arrangement on the mug, Plaintiff asserted, constitute sufficient creativity to warrant copyright protection. AR at 157. Moreover, he once again argued that "even shorter, less expressive one line sentences have merited copyright protection," citing *Universal City Studios*, and also contended that important literary works, such as William Carlos Williams' sixteen-word poem "The Red Wheelbarrow," "may consist of a single short phrase." AR at 157–58. Plaintiff concluded by asking for both text and artwork copyrights. AR at 160.

Defendant denied, in part, this second request for reconsideration on September 27, 2016. AR at 209–13. The five-page decision ("Final Decision") stated that the work "is not copyrightable as a literary work," but that the two-dimensional artwork elements "remain copyrightable." AR at 209. The Final Decision focused on the requirements for a text copyright. After describing the work and the administrative history of Plaintiff's request, Defendant set forth the requirements for a copyright—namely, that the work must be "original." AR at 209–11. The "originality" requirement, Defendant explained, has two components: the work must "have been independently created by the author" and it "must possess sufficient creativity." AR at 210 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991)). It elaborated on these components by describing case law concerning the "sufficient creativity" requirement and citing the Copyright Office's regulations, 37 C.F.R. §§ 202.1(a), 202.10(a), containing the relevant standards. *See* AR at 210–12.

In a section titled "Analysis of the Work" that followed a summary of the governing law, Defendant examined Plaintiff's Work under the applicable rules. AR at 212–13. Defendant concluded that "the individual textual elements of the Work and the selection, coordination, and arrangement of those elements fail to satisfy the requirement of creative authorship necessary to sustain a claim to copyright in text." AR at 212.

In reaching this decision, Defendant made three findings. First, Defendant concluded that the Work's individual textual elements were not sufficiently creative because "'[w]ords and short phrases' and 'familiar symbols' are not copyrightable." AR at 212 (quoting 37 C.F.R. § 202.1(a)). The accompanying discussion gave special attention to the middle finger, noting that, "[a]s for the pictogram that appears on the bottom of the mug, your argument that it constitutes a literary work, *even if correct*, does not persuade the [Defendant] Board that it is individually copyrightable." AR at 212 (emphasis added). Defendant continued by finding, "[t]o the degree the pictogram is considered an expressive symbol, and thus a literary work . . . the content of the expression is certainly *de minimis*." AR at 212. Next, Defendant addressed Plaintiff's argument that the three elements—the two text phrases and the middle finger drawing—as a whole formed a literary work that was eligible for a copyright. *See* AR at 212. It concluded that "even assuming these three elements could qualify as a literary work—which is doubtful—taken as a whole they fail to meet the creativity threshold set forth in [the Supreme Court's decision] in *Feist* for a work of authorship of any kind, literary or otherwise." AR at 212 (citing *Feist Publ'ns*, 499 U.S. at 359). Defendant elaborated by noting, in response to Plaintiff's argument that his work embodied the requisite creativity because of the elements' arrangement, that "[t]here is . . . nothing inherently original about placing text or symbols on a mug" and that "any effect that these elements are intended to create or actually do create in an observer is wholly irrelevant to the intrinsic creativity of the Work

7

itself." AR at 213. Third, Defendant concluded that Plaintiff's mug's artwork elements—including the flower, the butterflies, and the middle finger—met the relevant creativity standards and thus could be registered, as it had before. AR at 213. This second denial of Plaintiff's request for reconsideration constituted final agency action. *See* 37 C.F.R. § 202.5.

### B. Procedural History

Plaintiff filed this action on November 18, 2016, challenging the denial of his application for a text copyright under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. *See* Compl., ECF No. 1; *see also* 17 U.S.C. § 701(e) (providing that actions taken by the Register of Copyrights under the Copyright Act are subject to the provisions of the APA). Plaintiff argues that the decision-making process Defendant used in rejecting his application for a text copyright was flawed because: (1) Defendant failed to consider Plaintiff's evidence, and (2) its denial is contrary to law. *See generally* Compl. Because the court's review under the APA is limited to the administrative record, the parties conducted no discovery and filed cross-motions for summary judgment. *See* 5 U.S.C. § 706 (in reviewing an agency action under the APA, "the court shall review the whole record or those parts of it cited by a party"). Now before the court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Cross-Motion for Summary Judgment, ECF No. 14.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, in a case involving review of a final agency action, the standard set forth in Rule 56 does not apply because of the limited role of the court in reviewing the administrative record. *See AFL-CIO v. Chao*, 496 F.

Supp. 2d 76, 81 (D.D.C. 2007). The court's role, in an APA action, "is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Charter Operators of Alaska v. Blank*, 844 F. Supp. 2d 122, 127 (D.D.C. 2012) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769–70 (9th Cir. 1985)). Summary judgment "serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." *Id*.

Under the APA, a court must set aside an agency action if it is "arbitrary, capricious, an abuse of the discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). When deciding whether an agency's action violates this standard, the court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Oregon Nat'l Res. Council*, 490 U.S. 360, 378 (1989) (internal quotation marks omitted). Agency action is arbitrary or capricious if, as is relevant in this case, the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983). So long as the agency has examined the relevant data and identified a basis for its action, the court will uphold the agency's action. *See Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974). Judicial review in APA cases is "[h]ighly deferential" and "presumes the validity of agency action," permitting reversal only when "the agency's decision is not supported by substantial evidence, or if the agency has made a clear error in judgment." *Hagelin v. Fed. Election Comm'n*, 411 F.3d 237, 242 (D.C. Cir. 2005) (quoting *AT&T Corp. v. FCC*, 220 F.3d 607, 616 (D.C. Cir. 2000)).

## IV. DISCUSSION

### A. Procedural Challenge

Plaintiff first contends that Defendant's decision was arbitrary and capricious because Defendant failed to consider various arguments he made and to evaluate evidence that he presented. Specifically, Plaintiff asserts that Defendant "made no intelligent account for the ruling as it provides no analysis of creativity, and provides no reasons for its decision, when it comes to the creative content of the poem as a whole." Pl.'s Mot. for Summ. J., ECF No. 13, Pl.'s Mem. in Supp. of Mot., ECF No. 13-1 [hereinafter Pl.'s Mem.], at 16; *see also id*. at 17 (arguing that Defendant "never considered" the "creative aspect" of the text of his mug, which he argues incorporates a "pictogram"); *id*. at 19 (arguing that Defendant "never proffer[ed] any explanation as to why the 3-D arrangement of the pictogram text sandwiched between English text in order to emphasize the pictogram is not substantially creative"). In addition, Plaintiff takes issue with the fact that Defendant did not expressly address various case citations and arguments he raised. *Id*. at 18. The court finds no error in the agency's decision-making process.

An agency is required to consider relevant data and articulate an explanation that bears "a rational connection between the facts found and the choice made." *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986) (internal quotation marks omitted). An agency action is arbitrary and capricious if the agency relied on inappropriate considerations, failed to consider "an important aspect of the problem," explained its decision in a way that "runs counter to the evidence before the agency," or is "so implausible that it [cannot] be ascribed to a difference in view or the product of agency expertise." *State Farm Auto Ins. Co.*, 463 U.S. at 43. In an arbitrary and capricious

challenge, the court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id*. (quoting *Bowman Transp.*, 419 U.S. at 286).

Defendant's Final Decision did not violate the process requirements of the APA. The court begins with Plaintiff's argument that Defendant provided neither "reasons" nor an "intelligent account" of its decision that the text of his mug lacked the requisite creativity. The reasons and intelligent account that Plaintiff claims are missing are clearly set forth in the section titled "Analysis of the Work" in the Final Decision. *See* AR at 212. There, Defendant stated that it "finds that the individual textual elements of the Work and the selection, coordination, and arrangement of those elements fail to satisfy the requirement of creative authorship to sustain a claim to copyright in text." *Id*. Further to this point, Defendant explicitly found that: (1) "none of [Plaintiff's] Work's constituent textual elements, considered individually, is sufficiently creative" to receive protection; and (2) that "even assuming" the two lines of text *and* "pictogram" formed a literary work, as Plaintiff had argued, the elements "taken as a whole . . . fail to meet the creativity threshold set forth in *Feist*." AR at 212–13. Put another way, Defendant concluded that the text of Plaintiff's Work—whether composed solely of the word and the phrase, or whether it also included the middle finger "pictogram"—was too short to merit copyright protection under the creativity standards for copyrightability. It was on this basis that Defendant denied Plaintiff a copyright. Thus, contrary to what Plaintiff alleges, Defendant unquestionably made an "intelligent account" for its decision.

To the extent Plaintiff is challenging Defendant's decision on grounds that it failed to address every component of his argument, Plaintiff's claim also falls flat. Plaintiff identifies a litany of items and arguments he cited in his correspondence in favor of his application, all of which he contends Defendant failed to consider, namely: (1) *Universal City Studios*, No. H-82-

11

2377, 1982 WL 1278, Pl.'s Mem. at 17; (2) the law review article that discusses criminal penalties for the use of the middle finger, *id*. 16–17; (3) the "creative contribution of the pictogram to [Plaintiff's] literary work," *id*. at 22; and (4) William Carlos Williams's poem, "The Red Wheelbarrow," which Plaintiff submitted as an exhibit, *id*. at 18. But Plaintiff's insistence that Defendant's decision is arbitrary and capricious because Defendant did not expressly address these (and other) specific points has no support in the law. An agency is required to consider every "important aspect of the problem" and explain its decision in a way that is in line with the evidence. *State Farm Auto Ins. Co.*, 463 U.S. at 43. This command implicitly sets limits on the agency's obligation: while the agency must weigh the evidence and provide a reasoned decision, it is under no obligation to consider all non-dispositive or tangential aspects of the issue before it. The court has no trouble concluding, based on its review of the administrative record, that even though the Final Decision does not specifically reference each of the above-listed points, Defendant satisfied its duty under the APA to provide a reasoned decision on every important aspect of the problem.

In any event, none of the items Plaintiff contends Defendant skipped over were material to the creativity inquiry that Defendant undertook to address Plaintiff's second request for reconsideration. A brief review of the items cited by Plaintiff in his Motion makes this plain. First, the case Plaintiff cited in his second reconsideration request, *Universal City Studios*, 1982 WL 1278, does not discuss whether the three- or four-word phrases at issue in that case were eligible for copyright protection, *see id*. at *4–5, and is further distinguished by the fact that, in that copyright *infringement* case, there was evidence and a presumption that the defendant in that case had copied the plaintiff's work, *id*. at *4. Next up is the 16-word poem "The Red Wheelbarrow," which Plaintiff cited for proposition that "important literary works may consist of a short phrase," AR 158. But if Plaintiff is suggesting that Defendant did not appreciate that

12

proposition, he is clearly wrong. *See, e.g.*, AR at 211 (stating that words and short phrases are not eligible for protection, but acknowledging that some combinations of otherwise uncopyrightable material may be registered). Finally, the meaning and the offensive nature of the middle finger is well-known. Thus, the law review article submitted by Plaintiff presents no new information that Defendant should have considered in adjudicating this dispute. Moreover, as Defendant noted, the "espoused intentions of the author" and "any effect that [Plaintiff's Work's] elements are intended to create" are not relevant to the creativity inquiry. *See* AR at 211, 213. Finding no error in Defendant's decision-making process, the court turns to Plaintiff's substantive challenge to Defendant's Final Decision.

### B. Substantive Challenge

The second part of Plaintiff's challenge concerns the merits of Defendant's decision. Plaintiff argues that his Work "is sufficiently creative to merit copyright registration." Pl.'s Mem. at 14. Defendant's decision to the contrary, he contends, is flawed because Defendant: (1) applied an inappropriate standard for determining "originality," *id*. at 15–16; (2) did not consider the "middle finger pictogram" to be a literary element, *id.* at 20–22; (3) wrongfully concluded the middle finger's creativity was "de minimis," *id*. at 22; and (4) inappropriately ignored the arrangement of the words on his Work, *id*. at 18–20. None of these arguments are well taken.

Only works that are "original" receive the protections of copyright. 17 U.S.C. § 102(a); *Feist*, 499 U.S. at 345 (stating that originality is the "sine qua non" of copyright). The originality requirement has two components: (1) the work must have been independently created by the author; and (2) the work must possess a "minimal degree of creativity." *Feist*, 499 U.S. at 345. The "requisite level" of creativity "is "extremely low; even a slight amount will suffice." *Id*.

13

Though the bar is low, not every work that exhibits some degree of creativity is copyrightable. Regulations accompanying the Copyright Act reflect this rule. As is relevant here, the regulations provide that "[w]ords and short phrases such as names, titles, and slogans" and "familiar symbols or designs" are not eligible for a copyright. *See* 37 C.F.R. § 202.1(a). Courts regularly apply this rule. *See, e.g.*, *Boisson v. Banian, Ltd.*, 273 F.3d 262, 269–71 (2d Cir. 2001); *Ward v. Andrews McMeel Publ'g, LLC*, 963 F. Supp. 2d 222, 232–34 (S.D.N.Y. 2013); *Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15, 25–26 (D.D.C. 2010).

The court quickly disposes of Plaintiff's first contention that *Feist* does not supply the relevant standard for "creativity," because that case "pertains to whether a compilation of data possesses sufficient creativity to merit copyright protection," whereas his work is a poem. Pl.'s Mem. at 16.[5] Plaintiff is correct that *Feist* concerned a compilation of facts—residential entries in a telephone book—but that does not render its standard inapplicable here. Indeed, courts routinely apply the creativity standard articulated in *Feist* to a variety of works, not just factual compilations. *See Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 281–82, 285–86 (3d Cir. 2004) (citing *Feist* and applying the case's standard for originality to determine whether product part numbers were eligible for copyright protection); *Urantia Found. v. Maaherra*, 114 F.3d 955, 958–59 (9th Cir. 1997) (applying *Feist* to analyze whether a book of revelations allegedly received from non-human spiritual beings was eligible for copyright protection); *Am. Dental Ass'n v. Delta Dental Plans Ass'n*, 126 F.3d 977, 979 (7th Cir. 1997) (applying *Feist* to analyze the copyrightability of a taxonomy of dental procedures which included descriptions and a numbering system); *CMM Cable Rep, Inc.*

---

[5] Even though Plaintiff objects to Defendant's citations to *Feist*, Plaintiff uses that case when arguing, later in his Memorandum, that "i[t] is a well-settled proposition that how words are arranged must be considered when determining whether text possesses the necessary amount of creativity to merit copyright protection." Pl.'s Mem. at 18 (citing *Feist*, 499 U.S. at 348). Plaintiff makes no attempt to explain why *Feist* is inapplicable for one part of his argument yet relevant for another.

*v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1516 (1st Cir. 1996) (applying *Feist* and its originality standard when examining the copyrightability of a phrase in commercial promotional materials in an enforcement action). Without question, the creativity standard articulated in *Feist* is applicable here.

Next up is Plaintiff's claim that Defendant's refusal to treat the "pictogram" of the middle finger as a "literary work" constitutes error. That argument, however, misconstrues Defendant's Final Decision. The Final Decision actually *assumes* that the pictogram is a literary work, but nevertheless rejects its copyright-worthiness because it and the rest of the Work's text, considered together, is insufficiently creative. As Defendant wrote: "To the degree the pictogram is considered an expressive symbol, and thus a literary work, . . . the content of the expression is certainly *de minimis*." AR at 212. The court therefore need not consider the legal question whether the pictogram of the middle finger meets the statutory definition of "literary work." *See* 17 U.S.C. § 101 ("'Literary works' are works, other than audiovisual works, expressed in words, numbers, or other verbal or numerical symbols or indicia . . . .").

Relatedly, Plaintiff argues that Defendant misapplied the law when it found that the three elements of the Work lacked sufficient creativity. Pl.'s Mem. at 18–22. But under the deferential review the court must give Defendant in this APA action, *see OddzOn Prods., Inc. v. Oman*, 924 F.2d 346, 348 (D.C. Cir. 1991), the court cannot conclude that Defendant's decision was arbitrary and capricious. It has long been the position of the Copyright Office that some works are too short to receive the protections of copyright. *See Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 544 (2d Cir. 1959) ("The Copyright Office does not regard as sufficient to warrant copyright registration 'familiar symbols or designs, mere variations of typographic ornamentation, lettering or coloring, and mere listings of ingredients or

contents.' . . . . [This statement] is a fair summary of the law."). Indeed, courts consistently have applied that rule to short words or phrases. *See, e.g.*, *Prunte*, 699 F. Supp. 2d at 22–23, 26–30 (applying the originality standard articulated in *Feist* and concluding that various phrases in plaintiff's songs, including "I'm a maniac" and "that's what's up," are unprotectable); *Peters v. West*, 776 F. Supp. 2d 742, 749–50 (N.D. Ill. 2011) (applying the originality standard articulated in *Feist* in a copyright infringement action against rapper Kanye West, and concluding that the well-known phrase "[t]hat which does not kill me makes me stronger" is not protectable). In view of this well-settled law, and according weight to the Copyright Office's application of its own regulations in this case, the court finds no "clear error of judgment" in Defendant's decision that combined elements of Plaintiff's Work are not sufficiently creative to receive copyright protection. *Marsh*, 490 U.S. at 378.

Finally, as to Plaintiff's contention that Defendant afforded no weight to the "arrangement" of the components on the mug, once more, he is wrong. Defendant properly recognized that "a combination of unprotectable elements may be eligible for copyright protection if the elements are 'selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work.'" AR at 213 (quoting 17 U.S.C. § 101). Applying that rule, Defendant ruled that "[t]here is, of course, nothing inherently original about placing text or symbols on a mug, and the simplistic relations of the elements to one another in the Work does not transform this arrangement into something copyrightable." *Id.* The court finds nothing arbitrary about that conclusion.

## V. CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment, ECF No. 13, is denied, and Defendant's Cross-Motion for Summary Judgment, ECF No. 14, is granted.[6] A separate Order accompanies this Memorandum Opinion.

Dated: March 8, 2018

Amit P. Mehta
United States District Judge

---

[6] Nothing in this opinion should be construed as expressing a view on the ability of Plaintiff to bring any infringement action in the future. *See OddzOn Prods.*, 924 F.2d at 348.